No. 29,989.

THE PARSONS BUILDING & LOAN ASSOCIATION, *Appellee*, v. HARLAN A. DENNIS and PAULINE FRANCES DENNIS, *Appellants* (O. E. MCANULTY, *Appellee*).

(5 P. 2d 1098.)

Opinion filed December 12, 1931.

*Harold Medill,* of Independence, for the appellants.

*Thomas E. Wagstaff, Jay W. Scovel,* both of Independence, *Paul H. Kimball* and *Webster W. Kimball,* both of Parsons, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an appeal from a judgment confirming a sale in an action to foreclose a mortgage on real property and fixing the period of redemption at six months instead of eighteen months.

Plaintiff brought an action to foreclose a mortgage for $5,000 executed by Harlan A. Dennis and Pauline Frances Dennis, his wife. The petition alleged, among other usual allegations, that the note and mortgage were executed by defendants for the purchase price of the real property described; that less than one-third of the purchase price was paid, and that by reason thereof the period of redemption should be fixed at six months. Defendants were personally served with summons, but did not answer or otherwise plead. O. E. McAnulty, who was made a party defendant, answered, and by cross petition set up and sought to foreclose a second mortgage for $1,500 given at the same time the first mortgage was given, and which was in default. The action came on for trial. The defendants, Dennis and wife, being in default, the court heard the evidence, found there was due plaintiff $5,065.30, and the defendant,

McAnulty, on his second mortgage, $1,075.56, and rendered judgment accordingly for the foreclosure of the mortgages and for the sale of the mortgaged premises, but specifically reserved, to be considered at the time of the confirmation of the sale, the question of the period of redemption. The real property was duly sold, and on confirmation of the sale the court heard evidence and found that the purchase price of the property was $9,000, and that plaintiff's mortgage of $5,000 and McAnulty's mortgage for $1,500 both were given as a part of the purchase price of the property; that less than one-third of the purchase price had been paid, and accordingly fixed the period of redemption at six months. The judgment confirming the sale was rendered June 6, 1930. On November 4, 1930, the defendants Dennis and wife served and filed their notice of appeal from the judgment confirming the sale. On January 29, 1931, on a showing that they had been unable to secure a transcript of the evidence produced on the hearing of the confirmation of the sale, they filed a motion for the court to establish the record of such evidence. This came on for hearing on March 14, 1931. O. E. McAnulty, called as a witness, testified that he was a witness and gave testimony at the time of the confirmation of the sale; that he then testified that he formerly owned the property; that he sold the same to the defendants, Dennis and wife; that the sale price of the property was $9,000; that there was a down payment of $2,500; and that the mortgages foreclosed in this action, one for $5,000 and one for $1,500, were given as a part of the purchase price. This appears to have been all the evidence offered on the question at the time the sale was confirmed.

By this witness and others defendants sought to show, in an indirect way, that the purchase price of the property was less than $9,000, and that the down payment was more than one-third of the purchase price, and also to show that at the time the foreclosure action was brought payments had been made on the mortgages foreclosed, which, together with the down payment, amounted to more than one-third of the purchase price of the property. Substantially all of this offered evidence was excluded.

On this appeal appellants complain of the exclusion of that evidence. There was no error in the ruling. Appellants argue this as though they were retrying the question determined by the court at the time the judgment of foreclosure was taken for the amount due on the mortgages, and retrying the question heard by the court at

the time of the confirmation of the sale. They are in no position to retry those questions. On the hearing of the motion to make the record, all they were entitled to was to have a record of the evidence which was actually produced in court at the time of the confirmation. This the court admitted, and it clearly shows that the court was correct in fixing the period of redemption at six months. (R. S. 60-3466.)

There is really nothing else in this appeal, and the judgment of the court below is affirmed.